UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Joe Caldwell, #241535, | ) C/A No. 4:12-2619-SB-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Michael McCall, Warden, Lee Correctional Institution, | ) |
| Respondent. | ) |

Petitioner, Willie Joe Caldwell (Petitioner/Caldwell), is currently incarcerated at Lee Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 14, 2012. Respondent filed a motion for summary judgment on February 6, 2013, along with a return, supporting memorandum and exhibits. (Docs. #22 and #23). The undersigned issued an order filed February 11, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #24). Petitioner filed a response in opposition on April 3, 2013. (Doc. #32).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment from the Richland County Clerk of Court. Petitioner was indicted by a Richland County Grand Jury during the April 2005 term of General Sessions for kidnapping (#2005-GS-40-2864) and assault and battery with intent to kill ("ABWIK") (#2005-GS-40-2865). (App. 81-84).

On June 1, 2006, Petitioner, represented by Maxwell Schardt, entered into an Alford plea before the Honorable James W. Johnson in Columbia. (App. 1, 21). As part of the Alford plea, the State agreed to *nol prosse* an unrelated forgery charge and agreed not to present a potential armed robbery charge. (App. 7-8). According to both the State and plea counsel, there were no sentencing recommendations or negotiations, meaning Petitioner was facing a potential fifty (50) year sentence. (App. 8). Petitioner acknowledged he understood this. (App. 4, 6).

During the proceeding, the plea court, after explaining the effect of an Alford plea, asked Petitioner whether he had enough time to consult with his attorney; whether his attorney had done everything Petitioner asked of him; and whether he was satisfied with his attorney's representation. (App. 9). Petitioner confirmed he had enough time with his attorney; his attorney had done everything asked of him; and he was satisfied with his attorney's representation. (App. 9). Thereafter, the plea court reviewed Petitioner's constitutional rights with him, instructing Petitioner about the State's burden of proof were he to proceed to trial as well as Petitioner's right to a jury trial, right to present a defense, right to confront witnesses and right to remain silent. (App. 9-12). Petitioner acknowledged he understood each of these rights, but wished to waive them and enter into an Alford plea. (App. 9-12). The State then gave its factual recitation of the plea. (App. 13-20).

After the State submitted its factual basis for the plea, which included information regarding the investigation, eyewitness identifications, statements from Petitioner and his wife, and photographs from the scene, plea counsel acknowledged he had reviewed this evidence with Petitioner. (App. 20-21). Likewise, Petitioner agreed he had reviewed the State's evidence. (App. 21). The plea court then found there was a sufficient factual basis for the plea and further determined Petitioner had freely and voluntarily entered into the Alford plea. (App. 21).

In sentencing, the State asked the plea court to sentence Petitioner to fifty (50) years. (App. 26). Thereafter, plea counsel, arguing in mitigation, acknowledged that the State had "been up front from the beginning that they were going to be requesting a maximum sentence in this case, your honor, which is 50 years" but asked the plea court to consider a lesser sentence. (App. 30-31). The plea court sentenced Petitioner to thirty (30) years on the kidnapping charge and twenty (20) years consecutive on the ABWIK charge. (App. 33). Petitioner subsequently sought appellate review.

## **DIRECT APPEAL**

On appeal, Petitioner, represented by Katherine H. Hudgins of the South Carolina Commission on Indigent Defense, filed an Anders brief in the South Carolina Court of Appeals arguing, "[t]he trial court erred in accepting an Alford plea when the defendant did not receive any real benefit by entering the plea." Additionally, pursuant to the Anders procedure, Hudgins filed a petition to be relieved as counsel. Petitioner also filed a *pro se* brief. Thereafter, the Court of Appeals dismissed Petitioner's appeal and granted Hudgins' motion to be relieved as counsel. (Supp. App. 1). The remittitur was issued on August 7, 2008.

## POST-CONVICTION RELIEF ACTION AND APPEAL

On August 19, 2008, Petitioner filed an application seeking post-conviction relief ("PCR") in the Richland County Court of Common Pleas. (App. 35-40). In his application, Petitioner alleged the following: (a) "counsel failed to object to involuntary plea[;]" and (b) "no investigation done by counsel[.]" (App. 35). In response, the State, represented by Brian Petrano, disputed Petitioner's allegations, which it interpreted as claims of ineffective assistance of counsel, and requested an evidentiary hearing. (App. 41-45). Pursuant to the State's request, an evidentiary hearing was conducted before the Honorable G. Thomas Cooper on August 12, 2009 in Columbia. (App. 47). Petitioner was represented by Charles T. Brooks, III at the hearing, while the State remained represented by Petrano. (App. 47). Petitioner was the sole witness at the hearing. (App. 48). After the hearing, the PCR court, on January 20, 2010, issued a written order denying relief. (App. 72-80). Petitioner failed to file a Rule 59(e), SCRCP, Motion to Alter or Amend, but did seek appellate review.

On appeal, Petitioner, represented by Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari in the Supreme Court of South Carolina, arguing, "[p]lea counsel rendered ineffective assistance of counsel when he did not move to withdraw petitioner's *Alford* plea when the judge sentenced petitioner to the statutory maximum on each charge, and ran the sentences consecutively." In response, the State, still represented by Petrano, argued:

1. The claim of ineffective assistance of counsel for failing to move to withdraw the plea after sentencing is not properly before this court[;]
2. The Petitioner was not improperly denied a benefit in exchange for his Alford plea[.]

The case was subsequently transferred to the South Carolina Court of Appeals, who later

denied certiorari on June 12, 2012. The remittitur was issued on July 10, 2012.

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on September 14, 2012, in which he raises the following allegation:

> GROUND ONE:     Denial of Effective Assistance of Counsel
>
> **Supporting Facts:**   Counsel failed to investigate the case facts where he had failed to contact any witnesses that were essential, theoretically pertinent to putting up a meaningful defense.

(Petition).

## III.  STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of

5

federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

6

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## IV.  ANALYSIS

In his habeas petition, Petitioner argues that "counsel failed to investigate the case facts where he had failed to contact any witnesses that were essential, theoretically pertinent to putting up a meaningful defense." (Petition, p. 5).

Respondent asserts that this ground is technically exhausted due to Petitioner's failure to properly present this ground in state court. Respondent argues that while Petitioner did raise an ineffective assistance of counsel claim related to counsel's investigation in his pro se brief, Petitioner did not present any evidence at the PCR hearing and that court concluded Petitioner had waived the issue. Respondent asserts that Petitioner did not file a Rule 59e and failed to present the issue to the South Carolina Supreme Court on appeal from the PCR order of dismissal.

In his response in opposition, Petitioner argues that his claim should not be dismissed

appearing to rely on the case of Martinez v. Ryan, ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed.2d 272 case. Petitioner further argues that he presented the issue to the PCR court and that his PCR counsel was ineffective for failing to have all the issues addressed or preserved for review.

The issue Petitioner has raised in his federal habeas petition is procedurally defaulted as it was not ruled upon by the PCR court[2] and was not raised in the petition for writ of certiorari to the state supreme court. Petitioner has failed to make the requisite showing to overcome this default. The court notes at the outset that Martinez, supra, is inapplicable here. In Martinez, the question before the court was "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313.

To the extent Petitioner raises in his response to summary judgment that PCR counsel was ineffective for failing to file the Rule 59(e) motion, the argument fails. It is noted that this argument was not raised on PCR appeal and is, therefore, procedurally barred. See Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (stating that procedural bar of a constitutional claim in an earlier state proceeding forecloses consideration by federal courts); see also Windley B. Padula, 2012 WL 4478388, at *3 ( D.S.C. 2012).

Based on the above reasoning, it is recommended that Respondent's motion for summary

---

[2] At the evidentiary hearing and/or in the order of dismissal, the PCR court did not rule on this issue. Petitioner did not file a motion pursuant to Rule 59(e), SCRCiv.P. Because Petitioner's collateral counsel did not file a Rule 59 Motion to have any of these omitted issues addressed by the PCR court, these issues were procedurally defaulted in state court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007) (finding when PCR court's order summarily dismisses grounds without making the factual findings and conclusions of law required by S.C.Code Ann. § 17-27-80 (2003), failure to file a SCRCP Rule 59(e) motion renders issues not preserved for appeal).

judgment be granted and the petition dismissed.

## V.  CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 19, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**