IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Willie Joe Caldwell, #241535, )
)
    Petitioner, )
) Civil Action No. 4:12-2619-SB
v. )
)
Michael McCall, Warden, Lee ) **ORDER**
Correctional Institution, )
)
    Respondent. )
_____ )

This matter is before the Court upon Petitioner Willie Joe Caldwell's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, wherein he alleges a single ground of ineffective assistance of counsel, specifically, that his "[c]ounsel failed to investigate the case facts where he had failed to contact any witnesses that were essential, theoretically pertinent to putting up a meaningful defense." (Entry 1 at 5.)

The record contains the report and recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, which was made in accordance with 28 U.S.C. 636(b)(1)(B) and the Local Rules for this District. The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

In the R&R, the Magistrate Judge recommends that the Court grant the

Respondent's motion for summary judgment and deny the Petitioner's section 2254 petition without an evidentiary hearing. The Magistrate Judge outlined the procedural history of the case and determined that even though the Petitioner raised an ineffective assistance claim about his counsel's lack of investigation in his application for post-conviction relief ("PCR"), the claim is now procedurally defaulted because the Petitioner did not raise the claim at his PCR hearing; the PCR court found that the Petitioner waived the claim and did not rule on it; the Petitioner did not file a Rule 59(e) motion asking the PCR court to reconsider the claim[1]; and the Petitioner did not raise the claim in his petition for a writ of certiorari to the South Carolina Supreme Court.[2] See Fawmi v. Warden, Lieber Correctional Inst., 2013 WL 1903659, *2-*4 (D.S.C. April 18, 2013) (summarizing cases to support the conclusion that issues must be raised to and ruled on by the PCR court to be preserved for review). In addition, the Magistrate Judge determined that the Petitioner

---

[1] The Fourth Circuit has noted that, prior to the decision of the South Carolina Supreme Court in Marlar v. South Carolina, 375 S.C. 407, 653 S.E.2d 266, 267 (2007), South Carolina courts did not consistently apply a procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion. See Bostick v. Stevenson, 589 F.3d 160, 164-65 (4th Cir. 2009). Here, the PCR court issued its order in January of 2010, long after the South Carolina Supreme Court's decision in Marlar. Therefore, the Petitioner's failure to file a Rule 59(e) motion regarding the claim he now seeks to present bars his claim. Marlar v. Warden, Tyger River Correctional Inst., 432 F. App'x 182, 186-88 (4th Cir. May 25, 2011).

[2] When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state court, the claim is considered procedurally defaulted, and the petitioner will be procedurally barred from raising the claim in his federal habeas petition. See Smith v. Murray, 477 U.S. 527, 533 (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. In South Carolina, a petitioner must raise all grounds previously raised but denied at the PCR hearing in his subsequent petition to the South Carolina Supreme Court for a petition for a writ of certiorari if he is to preserve them for later consideration.

failed to show cause and prejudice, or actual innocence, to overcome the procedural default. See Coleman v. Thompson, 501 U.S. 722 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

The Petitioner filed written objections to the R&R asserting that he should be allowed to pursue his claim because any procedural default is due to the ineffective assistance of his PCR counsel. In support of his argument, the Petitioner also cites Martinez v. Ryan, – U.S. –, 132 S.Ct. 1309, 1315 (2012).

The Court has reviewed the record and finds the Petitioner's objections to be without merit. First, although the Supreme Court has determined that ineffective assistance of counsel can constitute "cause" in the procedural default context, it will only constitute "cause" if it amounts to an independent constitutional violation. Id.; see Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . . the Constitution require [ ] the States to follow any particular federal model in those proceedings."). In Martinez v. Ryan, – U.S. –, 132 S.Ct. 1309, 1315 (2012), the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review

3

collateral proceedings may establish cause for a prisoner's default of ineffective assistance at trial." Importantly, however, the Court specifically held that the ability to show cause would not be extended to cases like this case–where the Petitioner alleges cause for procedural default based on "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." Id. at 1320. Therefore, the Court agrees with the Magistrate Judge that the Petitioner's claim is procedurally defaulted and that Martinez does not apply here. Therefore, the Petitioner's objections are overruled.

After a thorough review of the case, the Court finds that the Magistrate Judge's R&R accurately summarizes the case and the applicable law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 34) is affirmed and incorporated herein by specific reference; the Respondent's motion for summary judgment (Entry 22) is granted; the Petitioner's objections (Entry 36) are overruled; and the Petitioner's section 2254 petition is denied and dismissed without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

AND IT IS SO ORDERED.

Sol Blatt, Jr.
Senior United States District Judge

June 24, 2013
Charleston, South Carolina